UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SASHON NASHON DILLARD-PHELPS,

                Plaintiff,

-against-

COSTCO WHOLESALE; DAN
CUNNINGHAM; RICHARD DYER; DAVID
SOMMELLA; ALIE N. JIMENEZ; NEREIDA
NEVAREZ; KELLY LONG,

                Defendants.

25-CV-10671 (JGLC)

ORDER OF SERVICE

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, alleging that her employer discriminated against her based on her race, color, and sex. By order dated March 24, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis*.

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue summonses for Defendants Costco Wholesale, Dan Cunningham, Richard Dyer, David Sommella, Alie N. Jimenez, Nereida Nevarez, and Kelly Long, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is also directed to mail an information package to Plaintiff.

Plaintiff may receive court documents by email by completing a Consent to Electronic Service form.[2]

SO ORDERED.

Dated:    March 31, 2026
          White Plains, New York

*Jessica Clarke*
_____
JESSICA G. L. CLARKE
United States District Judge

---

[2] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

3

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.   Costco Wholesale
     1 Westchester Avenue
     Port Chester, N.Y. 10573

2.   Dan Cunningham
     Costco Wholesale
     1 Westchester Avenue
     Port Chester, N.Y. 10573

3.   Richard Dyer
     Costco Wholesale
     1 Westchester Avenue
     Port Chester, N.Y. 10573

4.   David Sommella
     Costco Wholesale
     1 Westchester Avenue
     Port Chester, N.Y. 10573

5.   Alie N. Jimenez
     Costco Wholesale
     1 Westchester Avenue
     Port Chester, N.Y. 10573

6.   Nereida Nevarez
     Costco Wholesale
     1 Westchester Avenue
     Port Chester, N.Y. 10573

7.   Kelly Long
     Costco Wholesale
     1 Westchester Avenue
     Port Chester, N.Y. 10573